Walker *et al. vs.* Smith.

RUSSELL & RAIFORD; W. A. FARLEY, for plaintiff in error.

JOHN PEABODY; D. H. BURTS, for defendants.

---

ANDREW W. WALKER *et al.*, plaintiffs in error, *vs.* ROBERT P. SMITH, defendant in error.

1. The date of the entry, by the clerk of the Superior Court, of the filing in office of the bill of exceptions, cannot be shown to be erroneous by extraneous testimony.  (R.)
2. If the date of the filing of the bill of exceptions in the clerk's office of the Superior Court is incorrect, the proper remedy is by writ of *mandamus*, to be applied for to the Judge of the Superior Court.  (R.)

Practice in the Supreme Court.   Bill of exceptions.   *Mandamus.*   Before the Supreme Court.   July Term, 1873.

Walker *et al.* *vs.* Smith.

When the above stated case was called, counsel for defendant moved to dismiss the writ of error, because the entries upon the bill of exceptions show that it was certified to by the Judge on January 28th, 1873, and not filed in the clerk's office of the Superior Court until February 16th, 1873, after the lapse of more than fifteen days. Counsel for plaintiffs in error proposed to show, by the affidavits of counsel and of the clerk, that the date of the entry of the filing in office was incorrect; that the bill of exceptions was in fact filed within fifteen days from the date of the certificate of the Judge thereto. This the Court refused to allow. Counsel then proposed to apply for a *mandamus nisi* against said clerk. This the Court also refused to permit. The writ of error was ordered to be dismissed, the Court enunciating the principles embraced in the above head-notes.

SPEER & STEWART; C. PEEPLES; E. W. BECK, for plaintiffs in error.

D. J. BAILEY; Z. D. HARRISON, for defendant.